UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARBLE VOIP PARTNERS LLC,<br><br>Plaintiff,<br><br>v.<br><br>ZOOM VIDEO COMMUNICATIONS, INC,<br><br>Defendant. | Case No. 23-cv-03619-JSW<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 113 |

Now before the Court for consideration is Defendant Zoom Video Communications, Inc.'s ("Defendant" or "Zoom") motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (Dkt. No. 113 ("Mot.").) The Court found the motion suitable for disposition without oral argument, and took the matter under submission under Civ. L.R. 7-1(b). (Dkt. No. 126.) Having carefully reviewed the parties' papers, considered their arguments, and the relevant legal authority, the Court **DENIES** Zoom's motion.

## BACKGROUND

On June 24, 2022, Plaintiff Marble VOIP Partners LLC ("Plaintiff" or "Marble VOIP") filed this action against Zoom in the United States District Court for the District of Kansas, alleging infringement of United States Patent No. 7,376,129 (the "'129 Patent"). (Dkt. No. 1.) The '129 Patent, entitled "Enabling collaborative applications using Session Initiation Protocol (SIP) based Voice over Internet protocol Networks (VoIP)" is "directed to a method, program storage device, and system for enabling Voice over Internet Protocol ("VoIP") for computer applications." (Dkt. No. 27 ¶ 1, *see also* Dkt. No. 27-1.) Marble VOIP alleges that Zoom's Zoom Phone and Zoom Meetings platform infringe claims 1–3, 5–15, and 17–13 of the '129 Patent. (Dkt. No. 27 ¶¶ 45, 68.)

1    On December 2, 2022, Zoom moved to dismiss the First Amended Complaint under Rule
2    12(b)(6). (Dkt. Nos 29, 30.) As relevant here, Zoom argued in its motion that the '129 Patent was
3    directed to a patent-ineligible abstract idea under 35 U.S.C. § 101. (Dkt. No. 30 at 7–23.) On
4    April 24, 2023, Judge Robinson issued an Order denying Zoom's motion to dismiss, finding that
5    "there are plausible factual allegations that the ['129 Patent] claims are not directed to an abstract
6    idea or do include inventive concepts." (Dkt No. 41 ("12(b)(6) Order") at 21.)

7    Subsequently, Zoom answered the First Amended Complaint (Dkt. No. 62) and moved to
8    transfer this case to this District. (Dkt. No. 49.) The motion to transfer was granted, and this case
9    was transferred to this Court on July 21, 2023 (Dkt. Nos. 74, 75.) On October 25, 2023, Zoom
10   filed this motion for judgment on the pleadings under Rule 12(c), again on the grounds that the
11   '129 Patent is directed to a patent-ineligible abstract idea under 35 U.S.C. § 101. (Dkt. No. 113.)

**ANALYSIS**

**A.   Legal Standard**

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). A Rule 12(c) motion is "functionally identical" to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and challenges the legal sufficiency of the claims asserted in the complaint. *Ross v. U.S. Bank Nat'l Ass'n*, 542 F. Supp. 2d 1014, 1023 (N.D. Cal 2008). Judgment on the pleadings should be entered when a complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As with a motion to dismiss, for purposes of a Rule 12(c) motion for judgment on the pleadings, "the allegations of the non-moving party must be accepted as true." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). Thus, "[j]udgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Id.*

B.     **"Law of the Case" Doctrine**

Marble VOIP argues that Zoom's motion is barred by the "law of the case" doctrine. (Dkt. No. 119 ("Opp.") at 6–9.) A Rule 12(c) motion for judgment on the pleadings that raises issues already decided on a prior Rule 12(b)(6) motion to dismiss is subject to the "law of the case" doctrine. *See Strigliabotti v. Franklin Res., Inc.*, 398 F. Supp. 2d 1094, 1098 (N.D. Cal. 2005). "Under the 'law of the case' doctrine, 'a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.' " *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993). This applies to decisions made by a transferor court prior to transfer. *Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012), as amended (May 31, 2012); *see also Opperman v. Path, Inc.*, No. 13-CV-00453-JST, 2014 WL 246972, at *4 (N.D. Cal. Jan. 22, 2014). However, this doctrine is "not a limitation on a tribunal's power, but rather a guide to discretion." *Alexander*, 106 F.3d at 876. Accordingly, a court may exercise its discretion and decline to follow the law of the case where "1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." *Id.*

Zoom does not dispute that the issue of patent eligibility it raises in this motion is identical to that which it raised in its prior motion to dismiss. Instead, Zoom argues that the law of the case doctrine should not apply here because the patent eligibility issue was not actually decided in Judge Robinson's prior order. (*See* Dkt. No. 125 ("Reply") at 3.) The Court disagrees. Zoom argues that the 12(b)(6) Order clarified that "it [did] not decide at [that] time that the underlying claims are patent eligible", but this argument rings hollow – Judge Robinson explicitly decided that under Rule 12(b)(6), "there are plausible factual allegations that the claims are not directed to an abstract idea or do include inventive concepts." (12(b)(6) Order at 21.) That is the precise issue that Zoom is raising in this motion – whether under Rule 12(c), a functionally identical standard to Rule 12(b)(6), there are sufficient plausible allegations that the claims of the '129 Patent are patent eligible under 35 U.S.C § 101. Judge Robinson's clarification was to indicate that the 12(b)(6) Order would not preclude Zoom from re-raising the issue at a later motion for

summary judgment or at trial, with the benefit of a full evidentiary record. It was not, as Zoom now contends, an invitation to take a second bite at the apple under Rule 12(c).

Having determined that the issue raised in this motion was already decided by Judge Robinson in the 12(b)(6) Order, the Court now turns to the question of whether it should exercise its discretion and depart from the law of the case. Here, Zoom does not argue that the 12(b)(6) Order was clearly erroneous, that an intervening change in law has occurred, or that following the law of the case would result in manifest injustice. Rather, Zoom urges the Court to reconsider the 12(b)(6) Order in light of an intervening claim construction order in a parallel case brought by Marble VOIP against RingCentral, Inc. asserting the '129 Patent (the "*RingCentral* Case"). *See* Dkt. No. 113-1 (the "*RingCentral* Claim Construction Order"). Zoom argues that the *RingCentral* Claim Construction Order, as well as statements made in Marble VOIP's claim construction briefing in that case, constitute changed circumstances or new evidence that warrants departing from the law of the case here. The Court disagrees and finds no reason to do so.

Judge Robinson's 12(b)(6) Order, at least as to *Alice* step one, did not rely upon or consider any claim construction issues in concluding that Marble VOIP "has plausibly alleged that the '129 Patent is sufficiently concrete to satisfy step one of the *Alice* inquiry." (12(b)(6) Order at 19–20.) Thus, even if the Court were to consider the *RingCentral* Claim Construction Order and related briefing, nothing in those documents materially impacts the 12(b)(6) Order's findings as to *Alice* step one, and correspondingly, its ultimate conclusion as to the sufficiency of the pleadings as to patent eligibility. Zoom's arguments as to inconsistencies between Marble VOIP's arguments in opposing this motion and its claim construction briefing in the *RingCentral* case are irrelevant – what matters here is whether the claim construction issues in the *RingCentral* Case are material to the prior order that it urges the Court to reconsider. Here, they are not because Judge Robinson did not rely upon any claim construction issues in deciding the patent eligibility issue in the 12(b)(6) Order. For these reasons, the Court finds no changed circumstances or new evidence exist here that warrant departing from the law of the case. *See Alexander*, 106 F.3d at 877 (declining to depart from law of the case based on inaccurate witness declarations, reasoning that "any inaccuracy [in the declarations] was not material because Judge Walker did not rely on those

4

declarations in making his finding[.]").

Having found no reason to depart from the law of the case here, the Court need not reach the rest of Zoom's arguments as to patent eligibility.

## CONCLUSION

Because Zoom's motion for judgment on the pleadings raises the same issues that Judge Robinson previously decided in denying its motion to dismiss, and the Court finds no reason to depart from the law of the case here, the Court **DENIES** Zoom's motion.

**IT IS SO ORDERED.**

Dated: January 8, 2024

JEFFREY S. WHITE
United States District Judge

5