UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARBLE VOIP PARTNERS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ZOOM VIDEO COMMUNICATIONS, INC,<br><br>    Defendant. | Case No. 23-cv-03619-JSW (AGT)<br><br>**DISCOVERY AND SEALING ORDER**<br><br>Re: Dkt. Nos. 174, 175 |

Defendant Zoom Video Communications, Inc. (Zoom) and third-party Daedalus Group LLC (Daedalus) dispute whether Daedalus must provide Zoom with certain documents. Dkt. 174. Zoom also moves to seal. Dkt. 175. This action was referred to the undersigned for discovery purposes. *See* dkt. 176.

Zoom and Daedalus divide the disputed documents into three categories: (1) documents and communications with third-parties (category one); (2) documents and communications connected to Daedalus's litigation funder (category two); and (3) executed agreements with third-parties (category three). Dkt. 174. The Court reviews by category below and holds as follows.

    **I.    Category One**

The first category includes email communications between Daedalus and third-parties Pellegrino and Associates, GreyB Associates, and Hymes CPA. *Id.* at 2 & 5.

Daedalus withholds document numbers 6–7, 9–40, 113, 120, 142–144, 162, and 167

in Daedalus's privilege log, *id.* at 5 n.7, as protected by the work product doctrine. *Id.* at 5–6. Zoom argues that these communications were for business purposes and do not qualify for protection under the work product privilege. *Id.* at 2–3.

The Court would benefit from an *in camera* review of the materials in category one prior to ruling. Daedalus is hereby directed to submit the materials in this category for *in camera* review. That submission is to be sent via email to agtcrd@cand.uscourts.gov by July 21, 2025. The Court will review the documents and order disclosure accordingly.

### II.     Category Two

Category two includes documents and communications with Daedalus's litigation funder. Dkt. 174 at 3 & 7. Documents in this category are document numbers 56, 57, 78, 82, 118, 119, 124, 253, 254, and 282 in Daedalus's privilege log. *Id.* at 3 n.3. Daedalus objects that these documents are protected by work-product privilege and not relevant, and the request is out of proportion. *Id.* at 7–8. Zoom argues they are nonprivileged and relevant. *Id.* at 3–4.

Similarly, the Court will review these documents *in camera*. Daedalus is ordered to submit the materials in this category to agtcrd@cand.uscourts.gov by July 21, 2025.

### III.    Category Three

Category three is fully executed third-party agreements. Dkt. 174 at 4 & 8. It appears to include document numbers 55, 58, 65, 69, 73, 93, and 97 in Daedalus's privilege log. *Id.* at 4 & n.4.

First, Daedalus is refusing to produce certain executed agreements with Microsoft and with Qualcomm at all. *See id.* at 4 & 8. Second, Daedalus is refusing to produce certain agreements between Daedalus and Uber, and Daedalus and Oracle, unredacted. *See id.*

Turning to the first ground, Daedalus argues that the agreements with Microsoft and with Qualcomm are not relevant. *Id.* at 8. Zoom does not address the relevance of these agreements. *See id.* at 4. As such, the Court orders Zoom and Daedalus to meet and confer in person or via a videoconferencing platform regarding the relevance of agreements between Daedalus and Qualcomm, and Daedalus and Microsoft. If Zoom and Daedalus are unable to agree, they may file a joint discovery letter brief with the Court that sets forth each side's position on relevance. *See* AGT Civil Standing Order § VII.B.

Regarding the second ground, the agreements connected with Uber and with Oracle, produced with redactions, Daedalus argues that production of unredacted contracts would expose competitively sensitive business information. Dkt. 174 at 8.

Zoom argues that the redacted agreements license or assign rights to patents that Daedalus acquired from IBM contemporaneously with the asserted patent and even in the same transaction as the asserted patent. *Id.* at 4. Zoom represents that Daedalus should be required to share unredacted versions of the agreements, which include payment amounts relevant to calculation of damages. *Id.* at 4–5.

Neither Zoom nor Daedalus address whether a protective order might solve this issue. There is an operative protective order in this case. Dkt. 121. Why is this protective order insufficient to protect Daedalus's information? Zoom and Daedalus are to meet and confer on this issue. If they are unable to come to a resolution, they may file a joint discovery letter brief on the Court's docket. *See* AGT Civil Standing Order § VII.B.

### IV.     Request for Sealing

Zoom seeks to seal an exhibit to the joint discovery letter. Dkt. 175. The document was produced and designated "Confidential - Outside Attorneys' Eyes Only" by Daedalus.

*Id.*

As the filing party, Zoom asks to seal based only on its understanding that Daedalus maintains that the materials are confidential and should be placed under seal. *See id.* at 2; Civil L.R. 79-5(f).

Pursuant to Civil Local Rule 79-5, Daedalus, as the designating party, needed to file a specific statement of the applicable legal standard and the reasons for keeping a document under seal, evidentiary support from declarations if necessary, and a proposed order. Civil L.R. 79-5(c) & (f)(3). As of the filing of this order, no such statement has been filed.

Accordingly, by July 11, 2025, Daedalus must file a statement as described in Civil Local Rule 79-5. Failure to file such a statement may result in the unsealing of the provisionally sealed document.

**IT IS SO ORDERED.**

Dated: July 3, 2025

_____
Alex G. Tse
United States Magistrate Judge

4